[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
In this habeas corpus petition, the petitioner seeks to have the court vacate his conviction of conspiracy to commit robbery in the first degree and dismiss the charge on the grounds that his motions for a speedy trial were denied, ignored, or misfiled. He also alleges that, either in error or intentionally, the CT Page 12577 corrections department and court staff mishandled his correspondence and motions.
The petitioner was arrested on the robbery charge on May 19, 1992. His trial commenced on June 1, 1993 and he was convicted of robbery in the first degree and conspiracy to commit robbery in the first degree. The conviction on the former charge was reversed on appeal. He is confined on the latter charge. He was sentenced on June 28, 1993. He remains incarcerated on a 20 year sentence.
In evidence is a motion dated April 12, 1993, date stamped in the court on April 1993. This appears to have been prepared with a case number different from the robbery file. It was heard by the court on April 22, 1993 and denied, allegedly because of an error by the court in computing "excludeable time."
A motion to dismiss, was filed on May 20, 1993 and denied on June 15, 1993, by which time the petitioner had been tried and convicted. This motion also bears an incorrect file number.
Another speedy trial motion, undated, but stamped in court on May 17, 1993 was denied on what appears to be June 1, 1993. This motion bears the same incorrect file number.
It should be noted that the petitioner had three separate files pending in the Hartford Superior Court during the period covered by these filings.
He was also represented by counsel but apparently filed these motions without advice or assistance of counsel.
 I
In order to evaluate the petitioners' claims as to the denial of his motions, the file in at least his robbery case would have to be examined. While he claims he should not be burdened with any excludeable time, the court heard no evidence about continuances, pre-trial delays, etc.
Also, the court has nothing before it to indicate what effect the additional criminal files had on the proceedings. As noted above, all of the motions in evidence were mis-numbered. Thus, the court must ponder which file was reviewed in the course of the motions being denied. CT Page 12578
The petitioner alleges that his motions "were denied, ignored or misfiled." If they were denied, his remedy would be an appeal. He concedes the denial was not appealed and in fact he testified that he and his counsel discussed the denial and decided "it was not needed" for the appeal. This is contradictory to his allegation that his counsel refused to appeal this issue.
The court heard no evidence to prove the claim that motions were ignored. In fact, the motions in evidence were denied.
As to any "misfilings," this too is conjecture since all the court has before it is evidence that they were filed, reviewed by a judge, and denied.
Nor is there evidence to support the allegation that corrections department or court personnel in error or intentionally mishandled his correspondence and motions.
 II
Assuming, arguendo, that all the motions were mishandled or decided improperly, the petitioner in this proceeding must demonstrate that he was prejudiced.
Even if the court had granted the speedy trial motion of April 22, 1993, the trial did commence on June 1, only nine days beyond the permitted 30 days allowed by statute.
When asked what prejudice he suffered by virtue of the alleged improper denial of his motion, the petitioner admitted that he was unable to make bond and that the first speedy trial motion was filed in April of 1993. This was almost a year after his arrest.
Thus, his argument that had he not been incarcerated, he would have been able to interview witnesses appears to address an entirely different circumstance. The evidence he related he could have so elicited is also suspect. A woman whose first name he knows would testify that he had plenty of money the night before the robbery and thus he could show he had no reason to commit the crime. This would be irrelevant at best.
The results of a canvass of some bars he would have conducted suggest some equally dubious and hardly likely results. CT Page 12579
But all of this "investigation" could have been conducted by his court appointed counsel and he was provided with counsel promptly upon arraignment and had counsel virtually without interruption through his trial.
Conclusion
The petition is denied.
Anthony V. DeMayo Judge Trial Referee